**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　*Plaintiff-Appellee,*

v.

CORNEIL LEON CARTER,
　　　　*Defendant-Appellant.*

No. 03-4169

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-02-463-A)

Submitted: August 29, 2003

Decided: September 16, 2003

Before LUTTIG and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

David B. Smith, ENGLISH & SMITH, Alexandria, Virginia, for
Appellant. Paul J. McNulty, United States Attorney, Patrick F.
Stokes, Assistant United States Attorney, Alexandria, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Corneil Leon Carter was convicted by a jury of possession of a firearm and ammunition as a felon, 18 U.S.C. § 922(g) (2000), and sentenced to 110 months' imprisonment. He appeals, claiming that the district court erred in instructing the jury on constructive possession of the firearm.

On December 14, 2001, Alexandria police officer Dara Small responded to a call reporting that Carter—who was wanted on unrelated charges—had been seen at the Braddock Road metro station. Small arrived at the station, along with Officer McMeans, and began to search for Carter.

Small saw Carter emerge from behind an elevator shaft and board a metro train; she got on as well and asked to speak with him. The two then got off the train and were joined by Officer McMeans. According to Small, Carter "began to look into the area of the trash can here and began to slowly move in this direction." Small testified that Carter gave permission for her to search his backpack, in which she found a plastic bag containing multiple rounds of ammunition. Carter was placed under arrest. Small then returned to the area where Carter was seen just before boarding the train and found a .22 caliber Ruger revolver in a trash can. Small stated that the trash can was located in the area where Carter had been standing and that no other person had been seen in that area. The ammunition found in Carter's backpack was later determined to match the gun found in the trash can.

At trial, the district court instructed the jury on constructive possession as follows: "A person, although not in actual possession, [who] knowingly has both the power and the intention at a given time to exercise dominion and control over a thing, either directly or through

another person or persons, is then in constructive possession of it." Carter appeals, claiming that the district court erred in instructing the jury on constructive possession.

This court reviews a contested jury instruction for abuse of discretion. *United States v. Park*, 421 U.S. 658, 675 (1975). The judgment is not subject to reversal if, given the full context of the trial, "the charge was not misleading and contained an adequate statement of the law to guide the jury's determination." *United States v. United Med. & Surgical Supply Corp.*, 989 F.2d 1390, 1406-07 (4th Cir. 1993) (quoting *United States v. Park*, 421 U.S. at 675).

"Constructive possession exists when the defendant exercises or has the power to exercise, dominion and control over the item[,]" *United States v. Laughman*, 618 F.2d 1067, 1077 (4th Cir. 1980), and has knowledge of the item's presence. *United States v. Bell*, 954 F.2d 232, 235 (4th Cir. 1992). Both elements may be established by circumstantial evidence. *United States v. Zandi*, 769 F.2d 229, 234-35 (4th Cir. 1985).

The evidence establishing Carter's constructive possession of the weapon was compelling. The weapon was found in a trash can near where Carter had been seen immediately prior to its retrieval; no one else was seen in the area where the weapon was found; and the ammunition in Carter's backpack matched that of the weapon. Therefore, we find that the district court did not err in instructing the jury on constructive possession.

Accordingly, we affirm Carter's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*